IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:24-CR-59 (MTT) |
| | ) |
| DEVONTE JAMAL GLIVENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

After an evidentiary hearing on September 18, 2025, the Court denied Jamal Glivens' motion to suppress (ECF 72). ECF 84. In general, the Court ruled that Sergeant Hermes Rodriquez had reasonable suspicions that warranted the traffic stop, that officers did not prolong the stop beyond its purpose, that Sergeant Rodriquez deployed his drug dog during the course of the stop, and that the drug dog's alert was reliable.

The Court rejected Glivens' argument that the traffic stop ended when Sergeant Rodriguez *decided* to issue a citation. The evidence established that after Sergeant Rodriguez concluded a citation was appropriate, another officer assumed the task of writing the citation. While that officer wrote the citation, Sergeant Rodriguez deployed his drug dog, and the dog alerted while the second officer was writing the citation. There was no evidence that the second officer delayed writing the citation.

Glivens maintained that *United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022) and *Rodriguez v. United States*, 575 U.S. 348 (2015) supported his argument that *for Sergeant Rodriguez,* the stop ended when he decided a citation was necessary. The Court disagreed. However, even if either case could be interpreted to support an

argument that a traffic stop can end for one officer even though another officer is still engaged in the mission of the stop, the Court would still deny Glivens' motion.

In *Campbell*, the Eleventh Circuit held that the good-faith exception to the exclusionary rule applied to an unconstitutional search because the police officer reasonably relied on binding precedent. 26 F.4th at 887. The Court explained that "because the exclusionary rule is 'prudential rather than constitutionally mandated,' it is 'applicable only where its deterrence benefits outweigh its substantial social costs.'" *Id.* at 878 (quoting *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 362 (1998)). Thus, "[p]olice conduct 'triggers the harsh sanction of exclusion only when [it is] deliberate enough to yield meaningful deterrence and culpable enough to be worth the price paid by the justice system.'" *Id.* at 887 (quoting *Davis v. United States*, 564 U.S. 229, 240 (2011)). "[W]hen officers act in reliance on binding precedent—even if that precedent does not contain a 'bright-line' rule—they are not acting deliberately, recklessly, or with gross negligence. And when officers do not act deliberately, recklessly, or with gross negligence, they lack the culpability required to apply the exclusionary rule." *Id.*

Here, Sergeant Rodriguez did not have the requisite culpability because he acted in objectively reasonable reliance on the law under *Rodriguez* and *Campbell*. Applying *Rodriguez*, the Eleventh Circuit in *Campbell* stated, "to unlawfully prolong, the officer must (1) conduct an unrelated inquiry aimed at investigating other crimes (2) that adds time to the stop (3) without reasonable suspicion." 26 F.4th at 884. Again, there is no evidence that Sergeant Rodriguez's dog sniff added any time to the traffic stop. It was, thus, objectively reasonable for Sergeant Rodriguez to believe that his conduct did not

2

violate the Fourth Amendment. Glivens contends that *Campbell* and *Rodriguez* could be interpreted to prohibit Sergeant Rodriguez's conduct, even if no time was added to the stop, because the initial traffic stop ended at the moment Rodriguez *decided* to issue the citation. Even if that is a fair interpretation of *Campbell* and *Rodriguez*, Sergeant Rodriguez did not act deliberately, recklessly, or with gross negligence and did not have the requisite culpability to trigger the exclusionary rule.

For those reasons, and for the reasons stated during the September 18, 2025 evidentiary hearing, Glivens' motion to suppress (ECF 72) is **DENIED**.

**SO ORDERED**, this 1st day of October, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT